IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

UNITED STATES OF AMERICA        )
                                )
        v.                      )        CR 126-009
                                )              120-003
RODRIQUEZ LORENZO BROWN         )

_____

**O R D E R**

_____

At defense counsel Mr. James Weston's request, the Court held an *ex parte* hearing on June 9, 2026, to address Defendant's concerns about Mr. Weston's representation. (Doc. no. 19.)

During the hearing, the Court explained a defendant who can afford to hire defense counsel can hire counsel of his choice, but an indigent defendant who elects to be represented by court-appointed counsel is not entitled to counsel of his choice. See, e.g., United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006); United States v. Alvarado, 449 F. App'x 835, 840 (11th Cir. 2011). The appointment of new counsel is warranted only if there is an irreconcilable conflict of interest, or a complete breakdown in communications caused by something other than the defendant's willful refusal to cooperate and work with his counsel. United States v. Garey, 540 F.3d 1253, 1263 (11th Cir. 2008) (*en banc*). Mere disagreement with defense counsel falls far short of the extraordinary showing necessary to qualify for the appointment of new defense counsel. United States v. Lewis, 762 F. App'x 786, 807 (11th Cir. 2019) (citing Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985)).

During the *ex parte* hearing, the Court conducted a thorough inquiry into the merits of

1

Defendant's complaints.  Based on the information presented by Defendant and Mr. Weston during the hearing, there are no extraordinary circumstances that would justify the appointment of substitute counsel.

As the Court explained during the hearing, Defendant may proceed with Mr. Weston as his court-appointed defense counsel, hire his own attorney if he is financially able to do so, or represent himself.  The Court strongly advised Defendant not to represent himself, and, indeed, any choice to do so could not be made without the Court specifically advising Defendant, in detail, on the dangers of choosing to proceed to trial without the benefit of counsel.  See Faretta v. California, 422 U.S. 806, 835 (1975) (noting before waiving right to counsel, defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'" (citation omitted)).  Defendant wisely chose to continue with the assistance of Mr. Weston and agreed he is better off with Mr. Weston's counsel than representing himself.

SO ORDERED this 9th day of June, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2